J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
520 E. Wilson Ave., Suite 200
Glendale, California  91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Attorneys for Plaintiffs Disney Enterprises, Inc.
and Warner Bros. Home Entertainment Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Disney Enterprises, Inc. and Warner Bros. Home Entertainment Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Leo Stemp, and Does 1 – 10, inclusive, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> DEMAND FOR A JURY TRIAL |

Plaintiffs Disney Enterprises, Inc. ("DEI") and Warner Bros. Home Entertainment Inc. ("Warner Bros.") (collectively "Plaintiffs"), for their Complaint allege as follows:

**A.    Jurisdiction and Venue**

1.    Plaintiffs bring this action pursuant to 17 U.S.C. §§ 101, *et seq.*  The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.    The events giving rise to the claim alleged herein occurred, among other places, within this judicial district.  Venue in the Central District of California is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

B. **Introduction**

3. Plaintiffs own exclusive United States distribution rights in various creative works, including, but not limited to, motion pictures and television shows, that are entitled to copyright protection (the "Plaintiffs' Works"). Defendants, through various online venues, distribute, promote, offer for sale and sell unauthorized copies of the Plaintiffs' Works (the "Unauthorized Media Product"). Plaintiffs are informed and believe, and based thereon allege, that this infringement activity is systematic and willful or done with reckless disregard of Plaintiffs' intellectual property rights. Plaintiffs ask that this Court enjoin that activity and order Defendants to pay damages pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*. (the "Copyright Act").

C. **Plaintiff DEI**

4. DEI is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

5. DEI is a subsidiary of The Walt Disney Company ("Disney"). Disney, together with its subsidiaries, is a diversified worldwide entertainment company with operations in five business segments: Media Networks, Parks and Resorts, Studio Entertainment, Consumer Products and Interactive Media. Media Networks comprises international and domestic cable networks and its broadcasting business; Parks and Resorts comprises resorts and theme parks around the world, Disney Cruise Line and also licensed theme parks such as Tokyo Disney Resort in Japan; Studio Entertainment comprises live-action and animated theatrical and video motion pictures, musical recordings and live stage plays; Consumer Products comprises relationships with licensees, manufacturers, publishers and retailers throughout the world to design, develop, publish, promote and sell a wide variety of products based on DEI's intellectual property as well as its own Publishing and

Retail; Interactive Media Group creates and delivers branded entertainment games and lifestyle content across interactive media platforms.

6. DEI and certain of its affiliated companies are engaged in a variety of businesses including, without limitation, the production and/or distribution of motion pictures and television programs (the "DEI Works").

7. DEI owns exclusive rights under the Copyright Act to the DEI Works, including the rights to reproduce, distribute or license the reproduction and distribution of the DEI Works in video format in the United States, including, but not limited to, those copyrights that are the subject of the copyright registrations listed in Exhibit "A," attached hereto, and incorporated herein by this reference. Video format includes video cassettes, video laser discs, digital versatile discs ("DVDs").

8. The expression and other distinctive features of the DEI Works are wholly original with DEI, its licensors and/or assignors and, as fixed in various tangible media, are copyrightable subject matter under the Copyright Act.

9. DEI, and its predecessors in interest have complied in all respects with the laws governing copyright and have secured the exclusive rights and privileges in and to the DEI Works, and DEI holds certificates of registration and/or secured exclusive licenses or assignments to reproduce, distribute and license the DEI Works throughout the United States.

10. The DEI Works have been manufactured, sold and/or otherwise distributed in conformity with the provisions of the copyright laws. DEI and those acting under its authority have complied with their obligations under the copyright laws and DEI, in its own right or as successor-in-interest, has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights or to enforce its exclusive rights in each of the DEI Works.

### D. Plaintiff Warner Bros.

11. Warner Bros. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

12. Warner Bros. and certain of its affiliated companies are engaged in a variety of businesses including, without limitation, the production and/or distribution of motion pictures and television programs (the "Warner Bros. Works").

13. Warner Bros. owns exclusive rights under the Copyright Act to the Warner Bros. Works, including the rights to reproduce, distribute or license the reproduction and distribution of the Warner Bros. Works in video format in the United States, including, but not limited to, those copyrights that are the subject of the copyright registrations listed in Exhibit "B," attached hereto, and incorporated herein by this reference. Video format includes, but is not limited to, digital versatile discs ("DVDs") and Blu-ray discs.

14. The expression and other distinctive features of the Warner Bros. Works are wholly original with Warner Bros., its licensors and/or assignors and, as fixed in various tangible media, are copyrightable subject matter under the Copyright Act.

15. Warner Bros. has secured from Warner Bros. Entertainment Inc. and Home Box Office, Inc. the exclusive rights and privileges to reproduce, distribute, or license the reproduction or distribution of the Warner Bros. Works throughout the United States. Warner Bros., its affiliates, licensees and/or assignors have complied in all respects with the laws governing copyright.

16. The Warner Bros. Works have been manufactured, sold and/or otherwise distributed in conformity with the provisions of the copyright laws. Warner Bros., its affiliates, licensees and/or assignors have complied with their obligations under the copyright laws, and Warner Bros., in its own right or as successor-in-interest, has at all times been and still is the sole proprietor or otherwise

authorized to enforce all right, title and interest in and to the copyrights or to enforce its exclusive rights in each of the Warner Bros. Works.

17.   The DEI Works and Warner Bros. Works are collectively referred to herein as Plaintiffs' Works.

**E.   Defendants**

18.   Defendant Leo Stemp ("Stemp") is an individual.  Plaintiffs are informed and believe that Stemp is a resident of Brooklyn, County of Kings, in the State of New York.  Plaintiffs are further informed and believe, and upon that basis allege, that Stemp does business under the eBay "User ID" "stemp-leo" and "Jaly Lin."  Stemp, through his online identity, does business in this judicial district through offers and sales of the Unauthorized Media Product in the City and County of Los Angeles, using the eBay online auction platform with its principal place of business in Santa Clara County, in the State of California.

19.   Upon information and belief, Does 1 – 10 are either entities or individuals who are residents of or present in this judicial district, and are subject to the jurisdiction of this Court.  Upon information and belief, Does 1 – 10 are principals, supervisory employees, or suppliers of one or other of the named defendants or other entities or individuals who are, in this judicial district, manufacturing, distributing, selling and/or offering for sale merchandise which infringes the Plaintiffs' Works.  The identities of the various Does are unknown to Plaintiffs at this time.  The Complaint will be amended to include the names of such individuals when identified.  The Defendants and Does 1 – 10 are collectively referred to herein as "Defendants."

**F.   Defendants' Infringing Activities**

20.   Defendants have copied, reproduced, distributed, advertised and/or sold and continue to copy reproduce, distribute, advertise and/or sell unauthorized copies of motion pictures and/or television programs owned by Plaintiffs, respectively,

including, but not necessarily limited to, the Plaintiffs' Works identified in Exhibits A and B. The copies sold by Defendants are obviously unauthorized. The packaging fails to conform with packaging characteristic of Plaintiffs' genuine product and the disks do not contain the file structure characteristic of legitimate product.

21. Defendants have not been authorized by Plaintiffs to reproduce, distribute, sell or offer for sale any of the Plaintiffs' Works.

22. By engaging in this conduct, Defendants have acted in willful disregard of laws protecting Plaintiffs' copyrights. Plaintiffs have sustained and will continue to sustain substantial damage to the value of its creative works, specifically including the Plaintiffs' Works.

### G. Plaintiffs' Damages

23. Plaintiffs are informed and believe, and upon that basis allege, that the Defendants have each obtained gains, profits and advantages as a result of their infringing activity in amounts within the jurisdiction of the Court.

24. Plaintiffs are informed and believe, and upon that basis allege, that they have suffered and continue to suffer direct and actual damages as a result of Defendants' infringing conduct, in amounts within the jurisdiction of this Court. In order to determine the full extent of such damages, including such profits as may be recoverable under 17 U.S.C. § 504, Plaintiffs will require an accounting from each Defendant of all monies generated from the promotion, display, sale and offer for sale of the Defendants' goods and services using the Plaintiffs' Works. In the alternative, Plaintiffs may elect to recover statutory damages pursuant to 17 U.S.C. § 504 (c) for each Plaintiffs' Works infringed.

25. Plaintiffs have no other adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of the above-described acts. Plaintiffs are informed and believe, and upon that basis allege, that, unless

enjoined by the Court, Defendants' infringing activity will continue, with attendant irreparable harm to Plaintiffs. Accordingly, Plaintiffs seek preliminary and permanent injunctive relief pursuant to 17 U.S.C § 502 and seizure of the Unauthorized Media Product, including the means of production as provided by 17 U.S.C. § 503.

26. By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims, which attorneys' fees and costs Plaintiffs are entitled to recover from the Defendants, and each of them, pursuant to 17 U.S.C. § 505.

27. Plaintiffs are without an adequate remedy at law in that damages are difficult to ascertain and, unless the Defendants' acts are enjoined, Plaintiffs will be irreparably harmed by Defendants' deliberate and systematic infringement of their rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask this Court to order that:

1. Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of the said Defendants, be immediately and permanently enjoined from directly or indirectly infringing the Plaintiffs' Works in any manner, including generally, but not limited to:

    a. Reproducing, distributing, shipping, selling or offering for sale unauthorized copies, in any format, of any of the Plaintiffs' Works; or

    b. Aiding or abetting the reproduction, distribution, shipment, sale or offer for sale of any unauthorized copies of any of the Plaintiffs' Works; or

    c. Marketing, advertising and/or promoting any unauthorized copies of the Plaintiffs' Works.

2. That Plaintiffs' and their designees are authorized to seize the following items which are in Defendants' possession, custody or control:

    a. All Unauthorized Media Product;

    b. Any other unauthorized product which reproduces, copies, counterfeits, imitates or bear any of the Plaintiffs' Works, or any part thereof;

    c. Any molds, screens, patterns, plates, negatives, machinery or equipment, specifically including computers, servers, optical disc burners and other hardware used for making or manufacturing the Unauthorized Media Product or unauthorized product which reproduces, copies, counterfeits, imitates or bear any of the Plaintiffs' Works, or any part thereof.

3. Defendants be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Plaintiffs' election;

4. Defendants be required to account for and pay over to Plaintiffs all damages sustained by Plaintiffs and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

5. Defendants be required to pay Plaintiffs their costs of this action and reasonable attorneys' fees; and

6. Plaintiffs be granted all other and further relief the Court may deem just and proper under the circumstances.

Dated: March 9, 2016

J. Andrew Coombs, A Professional Corp.

By: _____
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiffs Disney Enterprises, Inc. and Warner Bros. Home Entertainment Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Disney Enterprises, Inc. and Warner Bros. Home Entertainment Inc., hereby demand a trial by jury of all issues so triable.

Dated: March 9, 2016

J. Andrew Coombs, A Professional Corp.

By: _____
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiffs Disney Enterprises, Inc. and Warner Bros. Home Entertainment Inc.

# EXHIBIT "A"

## DEI'S COPYRIGHT REGISTRATIONS

| Copyright Registration Number: | Title of Work: | Claimant of Work: |
|---|---|---|
| | Once Upon A Time: Season 2 | |
| PA0001813400 | ONCE UPON A TIME: 201, BROKEN | Disney Enterprises, Inc. |
| PA0001813390 | ONCE UPON A TIME: 202, WE ARE BOTH | Disney Enterprises, Inc |
| PA0001816165 | ONCE UPON A TIME: 203, LADY OF THE LAKE | Disney Enterprises, Inc |
| PA0001816160 | ONCE UPON A TIME: 204, THE CROCODILE | Disney Enterprises, Inc |
| PA0001819906 | ONCE UPON A TIME: 205, THE DOCTOR | Disney Enterprises, Inc |
| PA0001819911 | ONCE UPON A TIME: 206, TALLAHASSEE | Disney Enterprises, Inc |
| PA0001826378 | ONCE UPON A TIME: 207, CHILD OF THE MOON | Disney Enterprises, Inc |
| PA0001826379 | ONCE UPON A TIME: 208, INTO THE DEEP | Disney Enterprises, Inc |
| PA0001826381 | ONCE UPON A TIME: 209, QUEEN OF HEARTS | Disney Enterprises, Inc |
| PA0001827639 | ONCE UPON A TIME: 210, THE CRICKET GAME | Disney Enterprises, Inc |
| PA0001834242 | ONCE UPON A TIME: 211, THE OUTSIDER | Disney Enterprises, Inc |
| PA0001830951 | ONCE UPON A TIME: 212, IN THE NAME OF THE BROTHER | Disney Enterprises, Inc |
| PA0001837793 | ONCE UPON A TIME: 213, TINY | Disney Enterprises, Inc |
| PA0001841772 | ONCE UPON A TIME: 214, MANHATTAN | Disney Enterprises, Inc |
| PA0001841764 | ONCE UPON A TIME: 215, THE QUEEN IS DEAD | Disney Enterprises, Inc |
| PA0001840947 | ONCE UPON A TIME: 216, THE MILLER'S DAUGHTER | Disney Enterprises, Inc |
| PA0001843385 | ONCE UPON A TIME: 217, WELCOME TO STORYBROOKE | Disney Enterprises, Inc |
| PA0001847173 | ONCE UPON A TIME: 218, SELFLESS, BRAVE AND TRUE | Disney Enterprises, Inc |

| | | |
|---|---|---|
| PA0001845237 | ONCE UPON A TIME: 219, LACEY | Disney Enterprises, Inc |
| PA0001854991 | ONCE UPON A TIME: 220, THE EVIL QUEEN | Disney Enterprises, Inc |
| PA0001857403 | ONCE UPON A TIME: 221, SECOND STAR TO THE RIGHT | Disney Enterprises, Inc |
| PA0001847058 | ONCE UPON A TIME: 222, AND STRAIGHT ON 'TIL MORNING | Disney Enterprises, Inc |

# EXHIBIT "B"

# WARNER BROS.' COPYRIGHT REGISTRATIONS

| Copyright Registration Number: | Title of Work: | Claimant of Work: |
|---|---|---|
|  | BIG BANG THEORY: SEASON 8 |  |
| PA0001926780 | BIG BANG THEORY: THE LOCOMOTION INTERRUPTION | Warner Bros. Entertainment Inc. |
| PA0001928680 | BIG BANG THEORY: THE JUNIOR PROFESSOR SOLUTION | Warner Bros. Entertainment Inc. |
| PA0001929213 | BIG BANG THEORY: THE FIRST PITCH INSUFFICIENCY | Warner Bros. Entertainment Inc. |
| PA0001941975 | BIG BANG THEORY: THE HOOK-UP REVERBERATION | Warner Bros. Entertainment Inc. |
| PA0001941176 | BIG BANG THEORY: THE FOCUS ATTENUATION | Warner Bros. Entertainment Inc. |
| PA0001933449 | BIG BANG THEORY: THE EXPEDITION APPROXIMATION | Warner Bros. Entertainment Inc. |
| PA0001933447 | BIG BANG THEORY: THE MISINTERPRETATION AGITATION | Warner Bros. Entertainment Inc. |
| PA0001934630 | BIG BANG THEORY: THE PROM EQUIVALENCY | Warner Bros. Entertainment Inc. |
| PA0001934629 | BIG BANG THEORY: THE SEPTUM DEVIATION | Warner Bros. Entertainment Inc. |
| PA0001938377 | BIG BANG THEORY: THE CHAMPAGNE REFLECTION | Warner Bros. Entertainment Inc. |
| PA0001940026 | BIG BANG THEORY: THE CLEAN ROOM INFILTRATION | Warner Bros. Entertainment Inc. |
| PA0001947625 | BIG BANG THEORY: THE SPACE PROBE DISINTEGRATION | Warner Bros. Entertainment Inc. |
| PA0001947628 | BIG BANG THEORY: THE ANXIETY OPTIMIZATION | Warner Bros. Entertainment Inc. |
| PA0001947626 | BIG BANG THEORY: THE TROLL MANIFESTATION | Warner Bros. Entertainment Inc. |
| PA0001955350 | BIG BANG THEORY: THE COMIC BOOK | Warner Bros. Entertainment Inc. |

| | | |
|---|---|---|
| | STORE REGENERATION | |
| PA0001952190 | BIG BANG THEORY: THE INTIMACY ACCELERATION | Warner Bros. Entertainment Inc. |
| PA0001960104 | BIG BANG THEORY: THE COLONIZATION APPLICATION | Warner Bros. Entertainment Inc. |
| PA0001955346 | BIG BANG THEORY: THE LEFTOVER THERMALIZATION | Warner Bros. Entertainment Inc. |
| PA0001955347 | BIG BANG THEORY: THE SKYWALKER INCURSION | Warner Bros. Entertainment Inc. |
| PA0001955349 | BIG BANG THEORY: THE FORTIFICATION IMPLEMENTATION | Warner Bros. Entertainment Inc. |
| PA0001955348 | BIG BANG THEORY: THE COMMUNICATION DETERIORATION | Warner Bros. Entertainment Inc. |
| PA0001958328 | BIG BANG THEORY: THE GRADUATION TRANSMISSION | Warner Bros. Entertainment Inc. |
| PA0001958327 | BIG BANG THEORY: THE MATERNAL COMBUSTION | Warner Bros. Entertainment Inc. |
| PA0001958329 | BIG BANG THEORY: THE COMMITMENT DETERMINATION | Warner Bros. Entertainment Inc. |